**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN PAUL THOMAS,

    Plaintiff,

    v.                                         No. CIV 09-0833 WJ/LFG

PENITENTIARY OF NEW MEXICO'S
PUBLICATION REVIEW PANEL,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The statutory initial partial payment toward the filing fee will be waived, and for the reasons below, Plaintiff's claims against the named Defendant will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.

1992).

The complaint alleges that the Defendant Penitentiary of New Mexico's Publication Review Panel has "unconstitutionally rejected" photographs sent in the mail to Plaintiff.  Plaintiff asserts that the panel's policies violate Supreme Court standards for censoring materials in incoming prison mail.  In a supplement to the complaint (Doc. 8), Plaintiff further alleges that he was wrongfully subjected to disciplinary proceedings on charges of incoming contraband.  Plaintiff contends that Defendant's actions have violated certain unspecified constitutional rights.  The complaint seeks equitable relief and damages.

No relief is available on Plaintiff's claims against the Defendant Penitentiary of New Mexico's Publication Review Panel.  Claims against this Defendant are equivalent to a suit against the State itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *and see Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  Furthermore, "[a]s we explained in *Harris*[ *v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995)], 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes."  *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000).  "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)  Plaintiff's allegations against Defendant Penitentiary of New Mexico's Publication Review Panel, therefore, fail to state claims against a "person" for purposes of § 1983, *see Will*, 491 U.S. at 71, and his claims against this Defendant will be dismissed.

Plaintiff will be given leave to file an amended complaint identifying individual Defendants allegedly responsible for the asserted violations.  The Court reminds Plaintiff that he is required by

28 U.S.C. § 1915 to make monthly installment payments toward the filing fee.  Failure to comply with this Order may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that an initial partial payment toward the filing fee is WAIVED, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Penitentiary of New Mexico's Publication Review Panel are DISMISSED with prejudice; and, within fifteen (15) days from entry of this Order, Plaintiff may file an amended complaint identifying individual Defendants allegedly responsible for the asserted violations.

_____
UNITED STATES DISTRICT JUDGE