IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

      Plaintiff,

vs.                                                                        No. CIV 09-833 WJ/LFG

CECILIA LOPEZ, JOHN ARIAS,
BRIAN RESHETNIK, and
GEORGE TAPIA,

      Defendants.

**ORDER PERMITTING LIMITED DISCOVERY**

THIS MATTER is before the Court *sua sponte*.  This is a *pro se*, *in forma pauperis* action brought under 42 U.S.C. § 1983 by Plaintiff John Paul Thomas ("Thomas").  At the time he filed his complaint on August 28, 2009, Thomas was incarcerated at the Penitentiary of New Mexico ("PNM"); he has since been released and now resides in Nebraska. [Doc. 18].

Thomas named only one Defendant in the initial Complaint, PNM's Publication Review Panel ("Review Panel"), alleging that individual unknown members of the Review Panel were interfering with his incoming mail.  In particular, Thomas alleged that the panel members applied unnecessarily broad and therefore unconstitutional prison regulations to prevent him from receiving photographs mailed to him by his wife.

On October 16, 2009, Thomas filed a document titled "Complaint Supplement" [Doc. 8] in which he added new claims alleging that "the Defendants" concocted a false misconduct charge against him in retaliation for his bringing this lawsuit.  The Court accepted this "Complaint Supplement" as part of Thomas's Complaint in this case [Doc. 9]; however, no particular individuals were named in the supplement as the persons responsible for the disciplinary report.

On November 20, 2009, the Court entered a Memorandum Opinion and Order [Doc. 10]. Following a review pursuant to 28 U.S.C. § 1915(e)(2) and FED. R. CIV. P. 12(b)(6), the Court determined that no relief is available to Thomas on his claims against the Review Panel, as the panel

does not come within the definition of a "person" for purposes of Section 1983.  The Court

dismissed with prejudice Thomas's claims against the Review Panel but gave him fifteen days

within which to file an amended complaint identifying individual Defendants allegedly responsible

for the asserted violations.

Thomas did not file an amended complaint within 15 days.  Instead, he filed a document on

November 30, 2009 titled "Plaintiff's Response to the Memorandum Opinion and Order" [Doc. 11].

In this Response, Thomas stated that prison officials refused to disclose identities of the individual

panel members, and he was therefore unable to name them.

Almost two months later, on January 22, 2010, Thomas filed an Amended Complaint [Doc.

13], again naming as the Review Panel as a Defendant and repeating the same allegations against

the Review Panel members as were dismissed in the Court's Order of November 20, 2009.

In the Amended Complaint, Thomas also added new claims against four individuals, Cecilia

Lopez ("Lopez"), John Arias ("Arias"), Brian Reshetnik ("Reshetnik")[1] and George Tapia ("Tapia").

Thomas identified Lopez as a classification officer at PNM, Arias as a unit manager, Reshetnik as

Deputy Warden, and Tapia as the Warden.  Thomas alleged that these four individuals conspired

to deprive him of his constitutional right to access the Court by refusing to provide him with the

identities of members of the Review Panel.  He also included other claims against three of the newly

named Defendants.

On January 26, 2010, four days after filing the Amended Complaint, Thomas filed a Motion

for Order to Disclose [Doc. 15], asking the Court to order the "remaining defendants" to disclose

the names of the Review Panel members.  At the time he filed this motion, no Defendants had been

served with process.  The motion was therefore denied without prejudice, "pending possible

proceedings on a Martinez report and/or discovery." [Doc. 19].  Since the time the motion was filed,

---

[1]In the Amended Complaint, Thomas spelled this Defendant's name "Reshitnek," and this
spelling currently appears on the docket sheet.  Defendants notified the Court of the proper spelling
of the name in their Answer [Doc. 24].  The Clerk will be directed to correct the spelling for the
record.

service was effected and an Answer was filed.[2]

The Court finds that limited discovery is appropriate in this case to permit Thomas to identify the individual Review Panel members so those individuals may be served with process. The Court cannot proceed to a <u>Martinez</u> report on Thomas's claims until those persons are identified and brought into this lawsuit. Thomas will therefore be permitted to submit one interrogatory to Defendants, asking for the names of the individual Review Panel members at the time the alleged interference with his incoming mail occurred. Thomas may thereafter seek to have these individuals served with process, if he still desires to pursue these claims.

### Order

IT IS THEREFORE ORDERED that Plaintiff may submit a discovery request to Defendants, limited to one interrogatory stating the dates when photographs included in his incoming mail were allegedly confiscated or otherwise interfered with, and asking Defendants to disclose the names and job titles of the individual members of the Penitentiary of New Mexico's Publications Review Panel on those dates. Thomas must serve his discovery request on or before October 25, 2010. Defendants will have 30 days after service of the interrogatory to provide a response.

IT IS FURTHER ORDERED that Thomas is advised that his failure to serve discovery as permitted herein may lead to dismissal of some or all of his claims.

IT IS FURTHER ORDERED that the Clerk shall change the docket to reflect the correct spelling of Defendant Brian Reshetnik's name.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

---

[2]Defendant Arias was not served. [*See*, Doc. 20]. However, his name appears on the Answer and the representation is made therein that the Deputy General Counsel for the New Mexico Corrections Department represents Arias along with the other three Defendants.